**IN THE UNITED STATES DISTRICT COURT
OF THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

| | |
|---|---|
| **TAMMY PULSE** | **PLAINTIFF** |
| v. | **CAUSE NUMBER: 2:11-cv-179** |
| **MGM RESORTS MISSISSIPPI, INC.,** d/b/a **GOLD STRIKE CASINO RESORT** | **DEFENDANT** |
| | **LEAD CASE CONSOLIDATED WITH** |
| **TODD PULSE** | **PLAINTIFF** |
| v. | **CAUSE NUMBER: 2:11-cv-180** |
| **MGM RESORTS MISSISSIPPI, INC.,** d/b/a **GOLD STRIKE CASINO RESORT** | **DEFENDANT** |

**AGREED PROTECTIVE ORDER**

Upon good cause shown and by the agreement of parties through counsel, the Court orders that due to the sensitive and proprietary nature of the information sought by Plaintiffs in Interrogatory Numbers eight (8), nine (9), eleven (11) [sic], and Requests for Production of Documents Number eleven (11) – propounded to Defendant MGM Resorts Mississippi, Inc. – Defendant's Response to those Interrogatories and Request for Production of Documents shall be subject to the following:

    (a)    Any and all documents, including policies, procedures, and/or written materials in place concerning safety and security at the casino and the adjoining parking garage, policies and procedures concerning emergencies and/or security breaches, measures taken by Defendant to secure the casino parking area described in Plaintiffs' Complaints, including but not limited to, any security equipment, such as cameras, how those cameras are monitored and maintained, and the coverage of those cameras, shall

not be circulated to any person other than counsel, counsel's consultants, the parties, and the Court.

(b) Any and all documents, including policies, procedures, and/or written materials in place concerning safety and security at the casino and the adjoining parking garage, policies and procedures concerning emergencies and/or security breaches, measures taken by Defendant to secure the casino parking area described in Plaintiffs' Complaints, including but not limited to, any security equipment, such as cameras, how those cameras are monitored and maintained, and the coverage of those cameras shall not be disclosed to or viewed by any person other than counsel, counsel's consultants, the parties, and the Court.

(c) Any and all documents, including policies, procedures, and/or written materials in place concerning safety and security at the casino and the adjoining parking garage, policies and procedures concerning emergencies and/or security breaches, measures taken by Defendant to secure the casino parking area described in Plaintiffs' Complaints, including but not limited to, any security equipment, such as cameras, how those cameras are monitored and maintained, and the coverage of those cameras shall be used only for the purposes of the instant case.

(d) At the termination of this civil action, including all appeals, or upon the expiration of the time period for appeal with no appeal having been taken, any and all documents, including policies, procedures, and/or written materials in place concerning safety and security at the casino and the

adjoining parking garage, policies and procedures concerning emergencies and/or security breaches, measures taken by Defendant to secure the casino parking area described in Plaintiffs' Complaints, including but not limited to, any security equipment, such as cameras, how those cameras are monitored and maintained, and the coverage of those cameras shall be returned to counsel for Defendant.

(e) A party that intends to file with the Court pleadings or other papers containing or referring to Confidential Information shall take all reasonable steps to have such matter filed under seal, pursuant to Uniform Local Rule 79. Before any document marked as "Confidential" may be subject to a Motion seeking to file that document under seal with the Clerk, the filing party shall first consult with the party that originally designated the document as Confidential to determine whether, with the consent of that party, the document or a redacted version of the document may be filed with the Court not under seal.

Where agreement is not possible or adequate, before a pleading, motion, memorandum, or other document that contains, incorporates, quotes from, annexes, or summarizes any document designated as containing or constituting Confidential Information may be filed with the Court under seal, the party seeking to submit such material shall, pursuant to Uniform Local Rule 79, move the Court to issue an order placing the materials under seal. Such motions will be considered "discovery" motions requiring compliance with L.U. Civ. R. 37(a), which requires a good faith

effort to resolve prior to filing the motion. The Parties understand that documents may be filed under seal only with the permission of the court after proper motion pursuant to Local Rule 79.

**SO ORDERED** this 22nd day of February, 2012.

/s/Jane M. Virden
UNITED STATES MAGISTRATE JUDGE